UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

FREDERICK CARTER,

Petitioner,

v.                                                                CIVIL ACTION NO. 5:23-cv-00811

OFFICER GREEN,
*Booking Officer* and
SOUTHERN REGIONAL JAIL and
BOOKING OFFICER JOHN DOE and
BOOKING OFFICER JOHN DOE and
BOOKING OFFICER JOHN DOE,

Respondents.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Fredrick Carter's Applications to Proceed in District Court Without Prepaying Fees or Costs [ECF 1; ECF 5], filed August 4, 2025. Also pending are Mr. Carter's Motion to Allow Discovery [ECF 14], Motion to Appoint a Private Investigator [ECF 15], and Motion for Appointment of Counsel [ECF 16], all filed September 15, 2025. The matters are ready for adjudication.

**I.**

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). On December 26, 2023, Mr. Carter filed an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF 1] and a Complaint [ECF 2]. The Complaint alleged -- on an unspecified date while incarcerated at Southern Regional Jail ("SRJ") -- the following occurred: (1) he "was placed in a one[-]man cell with 5 inmates in Medical," (2) he was not provided a

blanket even though the room was so cold "the water in the toilet bowl . . . froze," (3) water was leaking from the wall, and (4) he was exposed to black mold. [ECF 2 at 5–6]. On another unspecified date while incarcerated at SRJ, Mr. Carter alleged, prior to being released, certain unnamed officers used excessive force against him when they maced him and "refused to allow [him] to decontaminate" or wash off before "hurriedly and immediately" releasing him from SRJ. [*Id.* at 4–5]. Mr. Carter further alleged he "walk[ed] down a narrow 2 lane road [and] then a heavily travelled 2 lane road" to a gas station where he was finally able to decontaminate. [*Id.*].

On January 2, 2024, Magistrate Judge Aboulhosn entered an order (1) notifying Mr. Carter of the requirements of the Prison Litigation Reform Act, and (2) directing Mr. Carter to (a) "amend his Complaint to name 'persons' as defendants," (b) "state specific facts as to how each defendant violated his constitutional rights," and (c) identify "what constitutional, statutory or common law rights he believes each defendant has violated and support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights." [ECF 4]. The order further warned Mr. Carter that his failure to comply would result in dismissal without prejudice pursuant to *Federal Rule of Civil Procedure* 41(b). [*Id.*].

On January 22, 2024, Mr. Carter timely filed an amended complaint against "Defendant #1 Mace," "Defendant #1 Medical," "Defendant #2 Booking," "Defendant #2 Medical," and "Defendant #3 Booking." [ECF 6 at 1]. Mr. Carter alleged "Defendant #1 Mace" "subject[ed] him to excessive use of force by spraying him with mace in cell #4 of [SRJ]" and failed to file a report regarding the use of force incident. [*Id.* at 3]. Mr. Carter further alleged "Defendant #2 Booking and Defendant #3 Booking" subjected him to cruel and unusual punishment "by not providing adequate decontaminant methods and water to decontaminate [him]

2

from the mace" that he was subjected to by "Defendant #1 Mace." [*Id.* at 3]. Defendant further alleged "Defendant #1 Medical" subjected him to cruel and unusual punishment "by overcrowding and placing [him] in a medical one man cell which contained 5 inmates." [*Id.*]. As a result, Mr. Carter "could not walk," "had to sleep on the floor," and his "cot was in a puddle of water from a frozen and leaking . . . cell wall." [*Id.* at 5]. Mr. Carter further alleged "Defendant #2 Medical," "refused to move [him]" and "failed to provide blankets" which violated his "ADA rights and constitutional rights." [*Id.*]. Mr. Carter stated "[a]ll of these dates and Defendants will be positively identified through discovery and videotaping of the alleged unconstitutional conduct." [*Id.* at 4].

On August 5, 2024, Magistrate Judge Aboulhosn entered an order again (1) notifying Mr. Carter of the requirements of the Prison Litigation Reform Act, (2) notifying Mr. Carter that his Amended Complaint was "wholly insufficient to state a cognizable claim" and (3) again directing Mr. Carter to amend his complaint and (a) "identify each individual [he] seeks to name as a defendant," (b) "state what constitutional, statutory or common law rights he believes each defendant has violated," and (c) "support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights." [ECF 8 at 3–5]. The order further warned Mr. Carter that his failure to comply would result in dismissal without prejudice under Rule 41(b). [*Id.*].

On August 26, 2024, Mr. Carter timely filed a second amended complaint against "Officer Green," Booking Officer, "Booking Officer #1 unnamed," "Booking Officer #2 unnamed," and "Booking Officer #3." [ECF 9 at 4]. Mr. Carter stated he has no way of collecting "the names of these Defendants[, but it is] information that . . . [SRJ] can provide on rosters and from video footage." [*Id.* at 5]. Mr. Carter further noted his inability to "collect[ ] or view[ ]" the

rosters or footage. [*Id.*]. Mr. Carter alleges the following violations of his constitutional rights: (1) his Eighth Amendment rights were violated (a) by "Booking Officer #1" "in the fact that the door was only kicked 3 times and he used excessive force with mace," (b) "when . . . Booking #2 [and] Booking #3 and Officer Green[] failed to allow [him] to decontaminate from the mace" before being "made to walk about a mile down beside a busy highway," and (c) when he was "housed in a one man cell in medical with 4 other inmates," made to lay on a mat in a puddle of water, "only provided one blanket, and was subjected to temperatures "so cold that the toilet bowl water froze." [*Id.* at 5–6].

On July 10, 2025, Mr. Carter submitted a change of address form indicating he is no longer confined at SRJ. [ECF 10]. On August 13, 2025, Magistrate Judge Aboulhosn entered an order noting Mr. Carter's failure to "provide[] any dates for the incidents alleged in his Second Amended Complaint, thereby precluding adequate prescreening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)" and directing Mr. Carter to file an amended complaint and an updated Application to Proceed Without Prepayment of Fees and Costs before September 5, 2025. [ECF 11]. The order further warned Mr. Carter "[f]ailure . . . to file an updated Application to Proceed Without Prepayment of Fees and Costs or [an amended complaint] by September 5, 2025 will result in a recommendation of dismissal of this matter without prejudice" pursuant to Rule 41(b). [*Id.* at 3]. Mr. Carter failed to file an updated Application to Proceed Without Prepayment of Fees and Costs or a third amended complaint as directed.

Accordingly, Magistrate Judge Aboulhosn filed his PF&R on September 8, 2025. [ECF 12]. Magistrate Judge Aboulhosn recommended that the Court deny Mr. Carter's Applications to Proceed without Prepayment of Fees or Costs, [ECF 1; ECF 5], dismiss the Second Amended Complaint without prejudice, [ECF 9], and dismiss the action from the Court's docket

based upon Mr. Carter's failure to prosecute. [*See* ECF 12]. Magistrate Judge Aboulhosn highlighted (1) Mr. Carter's failure to properly amend his complaint to include necessary information despite receiving three opportunities for amendment, (2) the Court's inability to conduct prescreening review, and (3) the unavailability of a different sanction inasmuch as a fine would be inappropriate and explicit warnings of dismissal had three times been ineffective. [*See* ECF 12 at 4–5]. Objections in this case were due on September 25, 2025. Plaintiff filed timely objections on September 15, 2025. [*See* ECF 13]. The same day, Mr. Carter also filed the following motions: Motion to Allow Discovery [ECF 14], Motion to Appoint a Private Investigator [ECF 15], and Motion for Appointment of Counsel [ECF 15].

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."). "Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate

judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460.

## III.

### A.    *Governing Standards*

#### 1. Screening Pursuant to 28 U.S.C. § 1915(e)(2)

Under the provisions of 28 U.S.C. § 1915(e)(2), when an individual seeks to prosecute a complaint *in forma pauperis*, the Court must screen the pleading and dismiss it, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("A claim has

'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'").

Mr. Carter is proceeding *pro se*, and the Court must construe his filings to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). The Court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020) (internal quotation marks and citation omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (noting a complaint must "give [a] defendant fair notice of what the . . . claim is and the grounds upon which it rests.").

### 2. Failure to Prosecute

"The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962); *Burrell v. Shirley*, 142 F.4th 239, 249 (4th Cir. 2025). When the Plaintiff "fails to prosecute or to comply with . . . any order of court," Fed. R. Civ. P. 41(b), "[a] district court has inherent authority to dismiss a case for failure to prosecute" pursuant to Rule 41(b). *United States ex. rel. Curnin v. Bald Head Island Ltd.*, 381 Fed. Appx. 286, 287 (4th Cir. 2010) (citing *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991)); *Burrell*, 142 F.4th at 249.

*Local Rule of Civil Procedure* 41 allows the Court to dismiss for failure to prosecute where "the parties have shown no interest in further prosecution" after the Court provides "notice . . . that the action will be dismissed" in 30 days unless good cause is shown. L. R. Civ. P. 41.1. In determining whether to dismiss a case involuntarily, a Court considers: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant, (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction

7

less drastic than dismissal." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989); *see also Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (directing district courts to weigh the aforementioned four factors but acknowledging the analysis is an inquiry into the facts of each case rather than "'a rigid four-prong test'" (quoting *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990))).

**B.     Objections to PF&R**

After review, Magistrate Judge Aboulhosn concluded Mr. Carter had failed to prosecute inasmuch as he failed to comply with the Court's directions in (1) failing to provide information despite numerous requests, and (2) failing to file an updated Application to Proceed Without Prepayment of Fees and Costs or a third amended complaint.

Mr. Carter objects to the dismissal of his 42 U.S.C. § 1983 claim inasmuch as (1) he does not know -- and cannot currently access -- the names of the individuals involved or the dates the incidents occurred without discovery, and (2) dismissal is premature before he has the opportunity to obtain evidence through discovery. [ECF 13].

**1. Failure to Provide Information**

Magistrate Judge Aboulhosn recommends dismissal based upon Mr. Carter's repeated failure to provide information that would allow the Court to conduct prescreening as required pursuant to 28 U.S.C. § 1915(e)(2). [*See* ECF 12 at 4–5]. Mr. Carter has repeatedly asserted that he is unaware of the exact date or the names of the officers who allegedly used excessive force against him. [*See* ECF 6 at 2–3, 5–6 (alleging Defendants failed to file use-of-force paperwork and stating Defendants will "be identified upon discovery" and "[a]ll Defendants and exact dates will be identified through discovery and videos to be requested from . . . [SRJ]."); ECF 9 at 5–6 (alleging his rights were violated by "Officer Green" and "unnamed officers in

8

booking on [his] release date" and stating "[t]hese names the Plaintiff do not know but SRJ has them")].

Though the Court must screen the complaint to determine, *inter alia*, whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), the names of the officers who allegedly harmed Mr. Carter and the date the harm allegedly occurred are not always prerequisites for this analysis.

Our Court of Appeals has held that John Doe suits are permissible only against "real, but unidentified, defendants" where the "true identity of an unnamed party can be discovered through discovery or through intervention by the court." *Schiff v. Kennedy*, 691 F.2d 196, 197 (4th Cir. 1982). Although the designation of a John Doe defendant "is generally not favored in federal courts; it is appropriate . . . when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." *Chidi Njoku v. Unknown Special Unit Staff*, 217 F.3d 840 (4th Cir. 2000) (table) (quoting *Schiff*, 691 F.2d at 197); *see also Massey v. Ojaniit*, 759 F.3d 343, 347 n.1 (4th Cir. 2014) (affirming district court's dismissal, without prejudice, of claims against "John and Jane Does, #1-10," where the allegations did not suggest that the identities of such persons could be ascertained through discovery or intervention by the court); *Farmer v. Wilson*, No. 2:14-CV-13256, 2014 WL 4629591, at *2 (S.D. W. Va. Sept. 15, 2014) (noting the use of Jane/John Doe is proper where a plaintiff knows "a particular individual had committed a wrong, lacked only the actual identity of that individual, and was using the discovery process to ascertain that individual's identity"); *Wilson*, 2014 WL 4629591, at *2 (quoting *Valade v. City of New York*, 949 F. Supp. 2d 519, 531 (S.D.N.Y. 2013) (cleaned up) ("Where a plaintiff has had ample time to identify a Doe defendant but gives no indication that he has made any effort to discover the defendant's name, the plaintiff

9

simply cannot continue to maintain a suit against the John Doe defendant.")). *But see* Fed. R. Civ. P. 10(a) ("The title of the complaint shall name all the parties . . . .").

Unlike in *Massey v. Ojaniit*, 759 F.3d at 347 n.1, it appears possible the "true identity of [the] unnamed part[ies] can be discovered through discovery or through intervention by the court." *Schiff*, 691 F.2d 197. Mr. Carter has made repeated, specific, and consistent allegations against certain individuals -- though he "lack[s] . . . the actual identity of th[e] individual[s]." *Wilson*, 2014 WL 4629591, at *2. But he has repeatedly asserted his intention to use "the discovery process to ascertain th[eir] . . . identit[ies]." *Id.* [*See generally* ECF 6 at 5–6 (stating "[a]ll Defendants and exact dates will be identified through discovery and videos to be requested from . . . [SRJ]"); ECF 9 at 5–6 (alleging his rights were violated by "Officer Green" and "unnamed officers in booking on [his] release date" and acknowledging he does "not know" "[t]hese names . . . but SRJ has them")].

Additionally, our Court of Appeals has "permitted *sua sponte* consideration of the statute of limitations when such a defense plainly appears on the face of . . . a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915." *Erline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citing *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953–54 (4th Cir. 1995); *see also Kopp v. Ziolkowski*, No. CV 5:22-00391, 2025 WL 451693, at *4 (S.D.W. Va. Jan. 7, 2025), *report and recommendation adopted*, No. 5:22-CV-00391, 2025 WL 451691 (S.D.W. Va. Feb. 10, 2025) (citing *Nasim*, 64 F.3d at 953–54) (concluding "the statute of limitations may be addressed *sua sponte* when such a defense appears on the face of the complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915"). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *LLT Mgmt. LLC v. Emory*, 766 F. Supp. 3d

576, 588 (E.D. Va. 2025), *reconsideration denied sub nom. Pecos River Talc LLC v. Emory*, No. 4:24-CV-75, 2025 WL 1249947 (E.D. Va. Apr. 30, 2025) (same). "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground." *Jones*, 549 U.S. at 215.

It follows that Mr. Carter's failure to include information -- like the date the alleged violations occurred -- on the face of the complaint that would allow the Court to *sua sponte* consider the statute of limitations and dismiss for failure to state a claim does not preclude the Court from conducting prescreening. *See e.g., Jones*, 549 U.S. at 215 ("Whether [statute of limitations] may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish" that the claim is barred.). Accordingly, an "adequate prescreening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)" is possible despite Mr. Carter's failure "to provide dates for the incidents alleged in his Second Amended Complaint." [ECF 11 at 2; ECF 12 at 2].

### 2. Failure to Refile

After concluding the Court was precluded from conducting an adequate prescreening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without dates for the alleged incidents, Magistrate Judge Aboulhosn afforded Mr. Carter another opportunity to amend his complaint. [*See* ECF 11 at 2]. Magistrate Judge Aboulhosn also acknowledged the Court's need for an updated Application to Proceed Without Prepayment of Fees and Costs. [*Id.*]. Magistrate Judge Aboulhosn recommends dismissal for failure to prosecute inasmuch as Mr. Carter provided neither before the time frame provided in the order. [*See* ECF 12 at 3–5].

Mr. Carter represents his delay resulted from his attempts to comply with the Court's direction to provide names and dates. [*See* ECF 13 at 1–2]. Mr. Carter has established

11

good cause for his failure to file a third amended complaint and an Application to Proceed Without Prepayment of Fees and Costs inasmuch as he was unsuccessfully attempting -- by calling SRJ -- to ascertain the information requested by the Court. [*See* ECF 13 at 1–2 ("[U]pon request by phone, . . . [SRJ] has failed to provide this necessary information . . . [SRJ has] failed to provide such crucial dates and the identity of their employees involved in this said incident . . . . As of 9/1/25 another desperate call was made to [SRJ.]")].

Further, Mr. Carter's participation thus far evidences his interest in prosecuting his case, so the Court is unable to find, in light of the earlier discussion as well, that he "ha[s] shown no interest in further prosecution." L. R. Civ. P. 41.1. Although Mr. Carter "fail[ed] . . . to comply with . . . an[] order of court," Fed. R. Civ. P. 41(b), inasmuch as he failed to submit a third amended complaint and an updated Application to Proceed Without Prepayment of Fees and Costs as directed by Magistrate Judge Aboulhosn, [ECF 11], there is not yet any prejudice to unnamed Defendants and it is plain upon a review of the procedural history of this case that Mr. Carter does not have a history of deliberately proceeding in a dilatory fashion because he has otherwise submitted materials as directed. Though Mr. Carter is responsible for the failure, as previously acknowledged, Mr. Carter has established good cause for the failure. *See Ballard*, 882 F.2d at 95 (concluding that a court should consider "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant, (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal" in determining whether to dismiss a case for failure to prosecute); *see also Attkisson*, 925 F.3d at 625.

Accordingly, the Court **SUSTAINS** Mr. Carter's objections.

### C.   *Motion to Appoint a Private Investigator [ECF 15]*

Mr. Carter requests appointment of a private investigator inasmuch as he has been unable to obtain the evidence requested by the Court. [ECF 15].

In *Morva v. Zook*, our Court of Appeals acknowledged the lack of binding precedent regarding what showing entitles a capital Defendant to certain funded assistance:

> [T]he U.S. Supreme Court has never addressed a capital defendant's right to a state-funded nonpsychiatric expert. The Court has only ruled on an indigent defendant's due process right to a state-funded psychiatrist when he makes "a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial." *Ake v. Oklahoma,* 470 U.S. 68, 74, 79 (1985). Since *Ake,* "the Supreme Court ha[s] flatly declined to resolve the question of what, if any, showing would entitle an indigent defendant to [state-funded] non-psychiatric assistance as a matter of federal constitutional law." *Weeks v. Angelone*, 176 F.3d 249, 265–66 (4th Cir. 1999).

821 F.3d 517, 524–25 (4th Cir. 2016) (affirming the denial of a request for "a state-funded prison-risk-assessment expert" based on Virginia's "particularized need" standard); *id.* at 525 (quoting *Husske v. Commonwealth*, 252 Va. 203, 476 S.E.2d 920, 925 (1996) (explaining the "particularized need" standard requires "an indigent defendant who seeks the appointment of an expert witness, at the Commonwealth's expense, [to] demonstrate that the subject which necessitates the assistance of the expert is 'likely to be a significant factor in his defense,' and that he will be prejudiced by the lack of expert assistance.").

Though instructive, *Ake v. Oklahoma* and *Morva v. Zook* present starkly different situations from Mr. Carter's inasmuch as (1) the requests were based on the defendants' ability to prepare an effective defense, and (2) Mr. Carter is a plaintiff rather than a defendant in the present case. Moreover, regardless of the standard required to provide certain funded assistance, Mr. Carter has made no showing whatsoever to support his request for a private investigator. Accordingly, the Court **DENIES** the Motion to Appoint a Private Investigator. [**ECF 15**].

**D.      *Motion to Appoint Counsel [ECF 16]***

Mr. Carter requests appointment of counsel inasmuch as he has been unable to adequately represent himself. [ECF 16].

Appointment of counsel in a civil case is discretionary, 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added), but generally, counsel should be appointed "where the case of an indigent plaintiff presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989); *see also Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir.1987); *United States v. $27,000.00, More or Less in U.S. Currency*, 865 F. Supp. 339, 340 (S.D.W. Va. 1994) (acknowledging that counsel should only be appointed in § 1983 cases in exceptional circumstances).

Whether exceptional circumstances exist depends on (1) "whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant*, 739 F.2d at 162–163). "If both questions are answered affirmatively, the case presents exceptional circumstances." *Id. See Banks v. Gore*, 738 Fed. Appx. 766 (4th Cir. 2018) (a plaintiff's "inexperience with the law and his prisoner status do not constitute an 'exceptional circumstances'"); *Louis v. Martinez*, 2010 WL 1484302, * 1 (N.D. W. Va. April 2, 2010) (denying appointment of counsel where inmate was housed in the special housing unit, subjected to continuous lock down, with restricted access to the law library and no opportunity to obtain legal assistance from fellow inmates). *But see Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017) (exceptional circumstances presented where the claim was complex, and the plaintiff suffered from severe mental illness and was committed to a psychiatric

14

facility without access to legal materials); *Jenkins*, 109 F.4th at 248–49 (acknowledging that a lack general education, legal knowledge, and legal materials as a result of being incarcerated "can limit one's ability to present his claims" and acknowledging "even the most skilled attorney would struggle representing a client under those circumstances").

Based upon Mr. Carter's most recently provided address, he is not presently incarcerated, which weighs against appointing counsel. Even if he were incarcerated, that fact would not necessarily amount to exceptional circumstances warranting appointment of counsel. *See Banks*, 738 Fed. Appx. at 766. *But see Jenkins*, 109 F.4th at 248–49. Nor does he appear to lack the capacity to present his claims. He has repeatedly asserted claims pursuant to 42 U.S.C. § 1983, which the Court has construed as claims premised upon excessive force and unconstitutional conditions of confinement. [*See* ECF 4 at 1; ECF 11 at 1]. Based upon the foregoing, Mr. Carter's case and circumstances fail to meet the exceptional circumstances standard. Accordingly, the Court **DENIES** the Motion for Appointment of Counsel. [**ECF 16**].

### E.    *Notice Regarding Refiling*

Accordingly, Mr. Carter is **NOTIFIED** that if he wishes to proceed with his claims, he must file a Third Amended Complaint on or before April 4, 2026. In amending his Complaint, he is further **NOTIFIED** that it will be insufficient for him to simply refer to the original Complaint, or additional documentation, or to incorporate the same by reference in the Amended Complaints. The Third Amended Complaint will supersede the original Complaint and prior Amended Complaints and there must be one integrated document that will provide the Defendants with notice of the claims and allegations against them. The Amended Complaint shall name "persons" as defendants and state specific facts as to how each defendant violated Mr. Carter's constitutional rights. Again, Mr. Carter is given until April 4, 2026, to file his Third Amended

Complaint, pay the Court's filing fee ($350) and administrative fee ($55) totaling $405, or file an updated Application to Proceed Without Payment of Fees. It is further **ORDERED** that the Clerk mail a copy of this Order, an Application to Proceed Without Prepayment of Fees and Costs, and a form Complaint to the Plaintiff. Failure of the Plaintiff to file an updated Application to Proceed Without Prepayment of Fees and Costs or a form Complaint by April 4, 2026, will result in dismissal of this matter without prejudice pursuant to Rule 41(b).

**F.     *Motion to Allow Discovery [ECF 14]***

Finally, Mr. Carter filed a Motion to Allow Discovery "to provide the dates and identify the Officer Defendants whom cannot be identified without a ruling . . . to attain this said evidence." [ECF 14]. Pending the filing of the Third Amended Complaint, the Motion is **DENIED** as premature.

## IV.

Accordingly, the Court **SUSTAINS** Plaintiff's objections, [**ECF 13**], **DENIES** the Motion to Appoint a Private Investigator, [**ECF 15**], **DENIES** the Motion for Appointment of Counsel, [**ECF 16**], **DENIES** without prejudice the Motion to Allow Discovery, [**ECF 14**], and **ORDERS** the case **REFERRED** anew to Magistrate Judge Aboulhosn under the terms of the original referral order.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:  March 16, 2026

Frank W. Volk
Chief United States District Judge

16