**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**FREDERICK CARTER,**

      **Plaintiff,**

                                    **Civil Action No. 5:23-cv-00811**

**v.**

**OFFICER GREEN,**
*Booking Officer*, ***ET AL.*,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter was referred anew to the undersigned for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF Nos. 17 at 16, ¶ IV., ECF No. 3).

This action has a relatively protracted history:

On December 26, 2023, the Plaintiff, acting *pro se,* and while a prisoner at the Southern Regional Jail, filed a "Complaint" claiming entitlement to relief pursuant to 42 U.S.C. § 1983 (ECF No. 2).

By Order entered on January 2, 2024, the undersigned directed the Plaintiff to amend his complaint by February 5, 2024, because he failed to identify a "person" as a named defendant and and to specify what his claims are and state sufficient facts supporting the basis for this Court's jurisdiction (ECF No. 4). The undersigned warned the Plaintiff that failure to amend his complaint will result in a recommendation of dismissal without prejudice pursuant to Rule 41(b) of the

1

Federal Rules of Civil Procedure[1] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[2] (Id.).

On January 22, 2024, the Plaintiff amended his Complaint (ECF No. 6), but did not follow the undersigned's specific instructions as set forth in the Order entered on January 2, 2024.

By Order entered on August 5, 2024, the undersigned again directed the Plaintiff to amend his Complaint no later than September 3, 2024, to identify each individual the Plaintiff seeks as a defendant, and to specify what constitutional rights he claimed were violated and support each claim with specific factual allegations – significantly, the undersigned directed the Plaintiff to "state his claims in numbered paragraphs **including dates**" and also to "complete Section II questions of the form Complaint regarding exhaustion of available administrative remedies" (ECF No. 8; **bold** in original).

On August 26, 2024, the Plaintiff filed his Second Amended Complaint and completed the Section II questionnaire (ECF No. 9).

On July 10, 2025, the Plaintiff filed a "Notice of Address Change", indicating he is no

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:
**(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[2] Rule 41.1 of the Local Rules provides:
**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

longer confined at the Southern Regional Jail (ECF No. 10).

On August 13, 2025, because of the Plaintiff's release from custody, the undersigned found that an updated Application to Proceed Without Prepayment of Fees and Costs is required, and directed the Plaintiff to complete a new Application, which was provided to him via U.S. Mail from the Clerk (ECF No. 11). Additionally, the undersigned observed that once again, the Plaintiff failed to provide dates for the incidents alleged in his Second Amended Complaint, thereby precluding adequate prescreening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (Id.). The undersigned once again, directed the Plaintiff to file a third amended complaint, and to either pay the Court's filing fee and administrative fee or submit an updated Application to Proceed Without Prepayment of Fees no later than September 5, 2025 (Id.). As with the previous Orders, the undersigned again warned the Plaintiff that failure to comply with the directives set forth in the Order will result in a recommendation of dismissal without prejudice as stated *supra* (Id.).

On September 8, 2025, because the Plaintiff failed to comply with the undersigned's Order, the undersigned issued a Proposed Findings and Recommendation ("PF&R") to the District Judge that this action should be dismissed for the Plaintiff's failure to prosecute (ECF No. 12).

On September 15, 2025, the Plaintiff timely filed his Objections to the undersigned's PF&R (ECF No. 13), as well as a "Motion to Allow Discovery" (ECF No. 14), a "Motion to Appoint a Private Investigator" (ECF No. 15), and a "Motion for Counsel to be Appointed" (ECF No. 16).

On March 16, 2026, the District Judge entered a Memorandum Opinion and Order denying the Plaintiff's foregoing Motions, but sustained the Plaintiff's Objections to the PF&R, noting that the Plaintiff had demonstrated interest in prosecuting his case, and had demonstrated good cause for failing to submit a third amended complaint and an updated Application to Proceed Without

3

Prepayment of Fees and Costs. (ECF No. 17 at 12) The Court notified the Plaintiff that "if he wishes to proceed with his claims, he must file a Third Amended Complaint on or before April 4, 2026." (Id. at 15) Additionally, the Court notified the Plaintiff that he must either pay the Court's filing fee ($350) and administrative fee ($55) totaling $405, or file an updated Application to Proceed Without Payment of Fees by April 4, 2026. (Id. at 15-16) The Court warned the Plaintiff that failure to file an updated Application or a form Complaint by April 4, 2026 will result in dismissal of this matter without prejudice pursuant to Rule 41(b). (Id. at 16)

Yet again, the Plaintiff has not responded to the Court's notifications or instructions, and there is no indication that the Plaintiff did not receive it. Accordingly, the undersigned has once again determined that the Plaintiff has failed to take any steps to prosecute this action, and therefore, this action should be dismissed without prejudice.

**Discussion**

The undersigned has previously recognized that Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia provide courts with inherent power to dismiss a *pro se* plaintiff's civil action for failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)).

Rule 41.1 of the Local Rules provides the following guidance:

4

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id.

As set forth in the analysis in the prior PF&R, the undersigned observes that once again, the Plaintiff remains solely responsible for his failure to comply with this Court's instructions to submit an amended complaint or to submit an updated Application. While the undersigned recognizes that this Court has recently determined that the overall record shows that this Plaintiff does not have a history of "deliberately proceeding in a dilatory fashion" (ECF No. 17 at 12), there is no doubt that the Plaintiff has repeatedly demonstrated an unwillingness to comply with this Court's orders to properly amend his complaint(s) or to file an updated Application by certain deadlines – this is the **FOURTH** time this Court has explicitly directed the Plaintiff to amend his complaint over a two-year period. As the undersigned observed in his prior PF&R, the Plaintiff *is*

capable of prosecuting his own cases and abiding by this Court's directives.[3] This Court has again warned this Plaintiff that failure to submit an amended complaint, pay the filing and administrative fees or submit an updated Application "will result in dismissal of this matter without prejudice pursuant to Rule 41(b)." (Id. at 16) Clearly, due to the Plaintiff's inaction, this Court continues to be deprived of its ability and duty to ensure these proceedings move forward to a conclusion on the merits.

Further, while the Court has recently determined "there is not *yet* any prejudice to unnamed defendants" (Id. at 12) (*emphasis* added), as noted *supra*, this action has been pending at the very initial stages in these proceedings for over two years. Thus, it is unknown what prejudice would befall any unnamed or named defendant herein. Because of the inordinate amount of time that has passed since the Plaintiff first filed this lawsuit, any discovery concerning documents or other evidence may not have been preserved, and therefore the defendants' ability to mount a defense may have been compromised. See, e.g., Franklin v. Williamson, 2026 WL 49558 at *5 (S.D.W. Va. Jan. 7, 2026) (Chambers, J.). On that note, the undersigned finds that the Plaintiff's failure to respond to the Court's orders to amend his complaint over the two-year period suggests a dilatory conduct in prosecuting this action, and has caused a greater probability of prejudice to the defendants.

Finally, while the undersigned acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against the Plaintiff that should not be invoked lightly, the fact remains that this Plaintiff has once again failed to comply with the Court's instructions to file an amended complaint, pay the filing and administrative fees or submit an updated Application by

---

[3] See, e.g., *Carter v. Johnson, et al.*, No. 5:25-cv-00020; *Carter v. CAMC General Behavioral Health*, No. 2:25-cv-00466; *Carter v. Friedley, et al.*, No. 2:23-cv-00812.

a date certain. As stated in the prior PF&R, the undersigned further finds that an assessment of fines, costs, or damages against the Plaintiff would be unjust in view of the Plaintiff's application to proceed without prepayment of fees and his status as a *pro se* litigant. As stated previously, explicit warnings of dismissal would be ineffective in view of the Plaintiff's failure to respond to the Court's most recent notifications set forth in its Memorandum Opinion and Order directing the Plaintiff to file his amended complaint by April 4, 2026.

In consideration of all factors, the undersigned recommends that this action be dismissed without prejudice unless the Plaintiff is able to show good cause for his failure to prosecute this action.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Judge **DENY** the Plaintiff's Application(s) to Proceed Without Prepayment of Fees and Costs (ECF Nos. 1, 5) and **DISMISS** this action from the Court's docket without prejudice.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the

7

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is directed to mail a copy of this Order to the Plaintiff, who is acting *pro se*.

**ENTER**: April 13, 2026.



Omar J. Aboulhosn
United States Magistrate Judge